UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN MOORE, on behalf of himself and
all others similarly situated, and
ROGER SNYDER

                Plaintiffs,

    -against-                            MEMORANDUM & ORDER
                                                      11-CV-1855(JS)(AKT)
EAGLE SANITATION, INC. and MICHAEL
REALI,

                Defendants.
----------------------------------X
APPEARANCES:

For Plaintiffs:       Marijana F. Matura, Esq.
                     Troy L. Kessler, Esq.
                     Shulman Kessler LLP
                     510 Broadhollow Road, Suite 110
                     Melville, NY 11747

For Defendants:      Anthony J. Colleluori, Esq.
                     The Law Offices of Anthony J. Colleluori
                     68 South Service Road, Suite 100
                     Melville, NY 11747

                     Jamie Scott Felsen, Esq.
                     Robert M. Milman, Esq.
                     Milman Labuda Law Group, PLLC
                     3000 Marcus Avenue, Suite 3W3
                     Lake Success, NY 11042

SEYBERT, District Judge:

        Plaintiffs Kevin Moore and Roger Snyder ("Plaintiffs") sued Defendants Eagle Sanitation, Inc. and Michael Reali ("Defendants") alleging violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law. Specifically, Plaintiffs assert that Defendants failed to pay Plaintiffs

required overtime wages. Pending before the Court is Plaintiffs' motion for (1) conditional certification of a collective action; (2) an order compelling Defendants to provide the names and last known addresses of potential class members; and (3) authorization to post and circulate the Notice of Pendency and Consent to Join form to similarly situated individuals. (See Docket Entry 8.) For the reasons that follow, Plaintiffs' motion is GRANTED.

## DISCUSSION

Courts in this Circuit apply a two-step analysis in deciding whether to certify a collective action under the FLSA.[1] Rodriquez v. Almighty Cleaning, Inc., __ F. Supp. 2d __, 2011 WL 1130276, at *13 (E.D.N.Y. Mar. 28, 2011) (adopting Report & Recommendation). The pending motion concerns only the first step, which asks whether the proposed class members are "similarly situated." At this stage, Plaintiffs need only set forth "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Id. (quotations and citations omitted). This standard is less stringent than class certification under Federal Rule of Civil Procedure 23; all that

---

[1] "Although the FLSA does not contain a class certification requirement," Courts often speak in terms of "certifying a class." Rodriquez v. Almighty Cleaning, Inc., __ F. Supp. 2d __, 2011 WL 1130276, at *12 (E.D.N.Y. Mar. 28, 2011) (adopting Report & Recommendation) (quotations and citations omitted).

2

is required at this point are "substantive allegations that the putative class members" were victims of a single decision, policy or plan. Id. (quotations and citations omitted). The Court's determination is typically based on the pleadings and on affidavits and declarations. Id.

Here, Plaintiffs allege that Defendants had a policy and practice of requiring Plaintiffs to work in excess of forty hours per week without proper payment for overtime hours. (Kevin Moore Aff. ¶¶ 5, 7, 9; Roger Snyder Aff. ¶¶ 5, 7, 9.) The named Plaintiffs have submitted affidavits in which they identify co-workers who stated that they, too, worked more than forty hours per week without proper compensation. (Moore Aff. ¶¶ 7, 8, 11; Snyder Aff. ¶¶ 7, 8, 11.) This satisfies the lenient showing required to establish that the prospective Plaintiffs were together victims of a single decision or plan. Rodriquez, 2011 WL 1130276, at *15.

## CONCLUSION

Plaintiffs' motion (Docket Entry 8) is GRANTED. Within twenty-one (21) days from the date of this Order, Defendants shall provide Plaintiffs' counsel with the names and last known addresses of those they employed during the period from April 2005 through April 2011. Rodriquez, 2011 WL 1130276, at *15. The Proposed Notice of Pendency will be SO ORDERED, and

3

Plaintiffs are hereby authorized to circulate it and the Consent to Join Form to all similarly situated plaintiffs.

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 14, 2011
Central Islip, New York