**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
KEVIN MOORE, *on behalf of himself,
and all others similarly situated*, and
ROGER SNYDER, *individually*,

                               Plaintiffs,

              - against -

EAGLE SANITATION, INC., and
MICHAEL REALI,

                              Defendants.
-----------------------------------------------------------X

**ORDER**

CV 11-1855 (JS)(AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Kevin Moore, on behalf of himself and all others similarly situated as well as Roger Snyder, individually (collectively "Plaintiffs") bring this action, seeking unpaid overtime compensation from Defendants Eagle Sanitation Inc. and Michael Reali (collectively "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§201 *et seq*. and the New York Labor Law.

Currently before the Court is Plaintiffs' motion for: (1) conditional certification as an FLSA collective action pursuant to 29 U.S.C. §216(b) ("Section 216(b)"); (2) Defendants' production of names and last known addresses of potential class members employed by Defendants from April 2005 through April 2011; and (3) Court authorization to post and circulate a proposed Notice of Pendency and Consent to Join Form to all individuals who are similarly situated in this potential collective action. *See* DE 8. Defendants have filed opposition to Plaintiffs' motion contending that Plaintiffs have not submitted sufficient evidence showing

that other employees are similarly situated. *See* DE 23. Defendants also raise objections concerning the proposed Notice of Pendency and Consent to Join submitted by Plaintiffs. *Id.* Based on my review of the parties' submissions and the applicable case law, Plaintiffs' motion is hereby GRANTED to the extent set forth below.

## II. BACKGROUND

Plaintiff Kevin Moore was employed by Defendants as a laborer and driver from approximately October 2006 until September 2010 with the primary job duties of driving, picking up, hauling and dumping private garbage containers. Compl. ¶¶ 11-12; Affidavit of Kevin Moore ("Moore Aff."), at ¶ 6, attached as Exhibit A to Plaintiffs' Motion (DE 8). Plaintiff Roger Snyder was also employed by Defendants as a laborer and driver from approximately February 2008 until August 2008 with the primary job duties of driving, picking up, hauling and dumping private garbage containers. Compl. ¶¶ 13-14; Affidavit of Roger Snyder ("Snyder Aff."), at ¶ 6, attached as Exhibit B to Plaintiff's Motion (DE 8). Defendants are engaged in the sanitation business with their principal place of business located in West Babylon, New York. Compl ¶¶ 16-17. Defendant Michael Reali is alleged to be the owner, operator, President, Vice-President, shareholder, corporate officer and Chief Executive Officer of Eagle Sanitation Inc., and, as such, has authority over personnel and payroll decisions. Compl. ¶¶ 20-30.

Plaintiffs contend that they were required to be paid overtime pay at the statutory rate of time and one-half the regular rate of pay after working more than 40 hours in a workweek. Compl. ¶¶ 35, 39. In most workweeks, Plaintiffs claim that they worked more than 40 hours for the Defendants during their employment. Compl. ¶¶ 36, 40. Further, Plaintiffs allege that Defendants failed to compensate them at the statutory minimum wage. Compl. ¶¶ 37, 41. The

2

Complaint asserts that there are over twenty current and former employees who are similarly situated to the Plaintiffs in that they have also been denied overtime compensation. Compl. ¶ 45.

### III. DISCUSSION

#### A. Conditional Certification

The FLSA provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id*. (cited in *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009) (citations omitted)). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Bifulco*, 262 F.R.D. at 212 (citations omitted).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are "similarly situated." *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001). If the court decides in the affirmative, then the proposed class members must

consent in writing to be bound by the result of the suit, or "opt-in." *Id.* (citing 29 U.S.C. § 216(b)) (additional citations omitted). The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are "actually 'similarly situated.'" *Bifulco*, 262 F.R.D. at 212. "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Id.* (citations omitted).

The instant decision concerns only the first step – whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008), and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Doucoure v. Matlyn Fodd, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting *Hoffmann v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Rule 23. *Rodolico*, 199 F.R.D. at 481 (citing cases). "In making this showing, 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950, 2009 WL 1706535, at *3 (E.D.N.Y. Jun. 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). Courts do not require proof of an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Industries, Inc.,* 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007).

4

This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiffs. *Sexton*, 2009 WL 1706535, at *3 (quoting *Hens v. ClientLogic Operating Corp.,* No. 05 Civ. 381S, 2006 WL 2795620, at *3 (W.D.N.Y. Sept. 26, 2006)); *see also Hallissey v. Am. On-line, Inc.,* No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Wraga v. Marble Lite, Inc.,* No. 05 Civ. 5038, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (granting approval of a collective action notice "based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees").

In the instant case, Plaintiffs allege they were subjected to the same FLSA violations as the potential opt-in plaintiffs while employed by the Defendants. *See* DE 8 at 2. Each named Plaintiff has submitted an affidavit stating that other employees employed by Defendants worked in excess of 40 hour weeks, without being provided proper payment for overtime. *See* Moore Aff. at ¶¶ 7-11; Snyder Aff. at ¶¶ 7-11. Further, the affidavits submitted specifically name additional co-workers employed as sanitation workers who drove, picked up, hauled and dumped private garbage containers, and who also were allegedly not properly compensated for their overtime by Defendants. *See* Moore Aff. ¶¶ 8, 11; Snyder Aff. ¶¶ 8, 11 (each naming five other sanitation workers, by first name, who allegedly worked in excess of 40 hours per week and were not properly compensated). Each Plaintiff states that his knowledge of the other laborers working in excess of 40 hours per week without being compensated for overtime hours is based

upon the fact that they specifically discussed the matter among themselves. *See* Moore Aff. ¶ 11; Snyder Aff. ¶ 11.

Defendants oppose Plaintiffs' motion for conditional certification. Defendants argue that "[c]ourts routinely deny motions for collective action where, as here, the plaintiff does not submit affidavits from anybody other than themselves." DE 23 at 2. In support of this proposition, Defendants cite only one case from within the Second Circuit, *Mendoza v. Casa De Cambio Delgado, Inc*., No. 07-cv-2579, 2008 WL 938584, at *6-7 (S.D.N.Y. Apr. 7, 2008). In *Mendoza*, the Court denied conditional certification because "not one Plaintiff affidavit purports a factual nexus with other putative employees of the [defendants]." *Id.* at *6. The court in that case also found that the affidavits contradicted allegations made in the amended complaint. *Id.* at *8. In contrast, in the present case, the Plaintiffs' affidavits provide specific allegations that other employees who performed the same or similar work were not paid appropriate overtime compensation. Furthermore, in this District, courts have routinely granted FLSA conditional certification where only the named plaintiffs have submitted affidavits. *See Sobczak,* 540 F. Supp. 2d at 363 (granting conditional FLSA certification where only the four named plaintiffs submitted affidavits); *Patton v. Thomson Corp.,* 364 F.Supp. 2d 263, 267 (E.D.N.Y. 2005) (granting conditional FLSA certification where only the named Plaintiff submitted affidavit).

Defendant further asserts that Plaintiffs' motion for collective action should be denied because Plaintiffs rely solely on conclusory allegations and hearsay to show that similarly situated employees exist. *See* DE 23 at 2. However, courts in this Circuit "regularly rely on such evidence to determine the propriety of sending a collective action notice." *Sobczak,* 540 F. Supp. 2d at 363; *see also Summa*, 715 F. Supp. 2d at 386 n.6 ("Defendant's argument that [plaintiff's]

affidavit is insufficient to support conditional certification because it contains conclusory allegations and hearsay is unpersuasive."); *Zivali v. AT&T Mobility LLC,* 646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009) ("Defendants' argument that plaintiffs' declarations are comprised of idiosyncratic, unrepresentative, and conclusory allegations based on impermissible hearsay is of no moment."); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321-22 (S.D.N.Y. 2007) (granting conditional certification motion despite defendants' objection that plaintiff's evidence contained "inadmissible hearsay, speculation, personal beliefs and conclusions.")

Based on this evidence and the review of the relevant case law, the Court finds that Plaintiffs have met the lenient evidentiary standard necessary to warrant the determination, at this stage, that the proposed opt-in plaintiffs are "similarly situated." Plaintiffs "have demonstrated a sufficient 'factual nexus between [their] situation and the situation of other current and former' employees, who were potentially denied . . . overtime wages." *Sexton*, 2009 WL 1706535, at *9 (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 308 (S.D.N.Y. 1998)); *Bifulco*, 262 F.R.D. at 215. Accordingly, Plaintiff's motion for conditional certification is GRANTED.

**B.    Production of Contact Information for Potential Opt-Ins**

Plaintiffs also move for an Order requiring Defendants to "furnish the names and last known addresses of potential class members employed by defendants from April of 2005 through April of 2011." DE 8 at 1. The Defendants object to this request on the grounds that the Plaintiffs should only be able to send the Notice to potential class members employed within three years prior to the commencement of this suit because they have not filed a motion to certify a class pursuant to Fed. R. Civ. P. 23 with regard to their NYLL claims. DE 23.

The FLSA has a maximum three-year statute of limitations. *See* 29 U.S.C. § 255. However, Plaintiffs request the contact information of employees going back six years because the state law claims, over which the Court may exercise supplemental jurisdiction, are governed by a six-year statute of limitations. *See* 28 U.S.C. § 1367. In similar cases, courts in this Circuit have granted both three and six-year periods depending upon the respective court's findings. I find it appropriate and in the interest of judicial economy in this case to allow the Plaintiffs to obtain the relevant contact information going back for a six-year period "even if some recipients of the notice will have claims that are time-barred under the FLSA." *Cano v. Four M Food Corp.*, No. 08-CV-3005, 2009 WL 5710143, at *10 (E.D.N.Y. Feb. 3, 2009). It appears that there may be a number of employees who have both timely FLSA and state law claims. Plaintiffs filed the Complaint on April 15, 2011. Therefore, the three-year look back date for FLSA purposes is April 15, 2008. Because claims of the potential opt-in plaintiffs are tolled on the date that their consent forms are filed, *see* 29 U.S.C. § 256(a), April 15, 2008 is the earliest possible date that a plaintiff in this case may have been last employed by Defendants in order to have a timely claim under the FLSA. *See Sexton*, 2009 WL 1706535, at *10; *Bifulco*, 262 F.R.D. at 216. Named plaintiff Kevin Moore worked for the Defendants from approximately October 2006 to September 2010. *See* Compl. ¶ 11. Some of his FLSA claims may be time-barred while others are not; his New York Labor Law claims, however, are timely. The same is true of named plaintiff Roger Snyder. *See* Compl. ¶ 13.

Likewise, the number of Plaintiffs and potential plaintiffs as represented does not appear to be very large. Given these factors, "it seems logical, efficient, and manageable to compel defendants' production of these names only once, if possible." *Cano*, 2009 WL 5710143, at *10.

8

This Court finds persuasive the reasoning set forth in the decisions of other courts which have applied a six-year period to determine who is eligible to receive the Notice of Pendency. *See Cano*, 2009 WL 5710143, at * 10; *Wraga v. Marble Lite, Inc.*, No. 05-CV-50382006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006); *Alcantara v. CNA Management, Inc.*, 264 F.R.D. 61, 66-67 (S.D.N.Y. 2009); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998); *Harrington v. Educ. Mgmt. Corp.*, No. 02 Civ. 0787, 2002 WL 1343753, at *2 (S.D.N.Y. June 19, 2002). Requiring Defendants to provide the requested information will not be "unduly burdensome or disruptive to [D]efendant's business operations." *See Sexton*, 2009 WL 1706535, at *13; *Bifulco*, 262 F.R.D. at 216 (quoting *Hallissey*, 2008 WL 465112, at *3 ("In selecting the manner of issuing the notice, this court must strike the appropriate balance in ensuring notification to the [opt-in plaintiffs] while minimizing disturbance to [defendant's] business.")). Accordingly, Defendants shall provide the requested information to Plaintiff's counsel within 21 days of the date of this Order.

### C. Form of Notice

Finally, Plaintiffs move for an order authorizing the dissemination of the proposed Notice of Pendency and Consent to Join to all putative class action members. *See* DE 8, Ex. C. "Neither the statute, nor other courts, have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain." *Fasanelli* 516 F.Supp.2d at 323. The Supreme Court has abstained from reviewing the contents of a proposed notice under § 216(b) noting "we decline to examine the terms of the notice… We confirm the existence of the trial court's discretion, not the details of its exercise." *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989). "When exercising its broad discretion to craft appropriate notices in

9

individual cases, District Courts consider the overarching policies of the collective suit provisions." *Fasanelli* 516 F.Supp.2d at 323. The defendants object to six aspects of the proposed Notice.

First, the Defendants believe the Notice should include more information about the Defendants' affirmative defenses, specifically that "plaintiffs were exempt from receiving overtime pay under the Motor Carrier Act." DE 23 at 2. Defendants do not cite any case law in support of the proposition that the Notice should include specific information about affirmative defenses. The Court notes that the description of the Plaintiffs' FLSA claim included in the proposed Notice sates that "[t]he defendants, deny the allegations made by the plaintiffs, and deny that they are liable to plaintiffs for any back pay, damages, costs or any attorneys' fees sought." I find that this description, given the similarly brief description of Plaintiffs' claims in the proposed Notice, is sufficient to put potential plaintiffs on notice that Defendants deny the allegations. *See Delaney v. Geisha NYC LLC,* 261 F.R.D. 55, 59 (S.D.N.Y 2009) (refusing to include specific information concerning defenses where proposed notice stated that defendant "denies that they violated the Fair Labor Standards Act"). Any further elucidation of legal arguments will likely confuse potential opt-in plaintiffs.

Second, the Defendants argue that the notice period should be thirty days, rather than sixty days. DE 23. The Court finds that allowing for a sixty day notice period for potential plaintiffs to return their opt-in forms is appropriate and is common practice under the FLSA. *See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09-cv-1148, 2011 WL 420528, at *5 (Feb. 8, 2011); *Sexton*, 2009 WL 1706535, at *12; *Bah,* 2009 WL 1357223, at *3.

Third, Defendants object to a footnote in the proposed notice stating that currently only "federal law FLSA claims are at issue," but that a class could be certified in the future based on state claims, which would have a longer statute of limitations. DE 8-3 n.1. Defendants argue that this is "an attempt to bootstrap their NYLL claims to the FLSA collective action." DE 23 at 3. The court finds this argument unpersuasive. As noted above, the Court is permitting the Notice to be sent to potential plaintiffs who may have claims that are time-barred under the FLSA, but are still valid under state law. This footnote merely informs those individuals that this Notice pertains only to their federal claims. The footnote in no way alleviates Plaintiffs' obligation to separately certify a class based on state law claims if they choose to pursue those claims collectively.

Fourth, the Defendants request that the Notice explain that "as a result of joining the lawsuit, the putative class members may be required to respond to written discovery, testify at trial, and pay costs if they do not prevail[.]" DE 23 at 3. The Court notes that the proposed Notice already states that potential plaintiffs "may be required to testify or appear for a deposition." DE 8-3 at 3. Thus, Defendants appear simply to want to add that potential plaintiffs may be required to respond to written discovery and pay costs if they do not prevail. The Court finds that these are reasonable additions. *See Sexton v. Franklin First Financial, Ltd.*, No. 08-cv-4950, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009); *Romero v. Flaum Appetizing Corp.*, No. 07-cv-7222, 2009 WL 2591608, at *6 (S.D.N.Y. Aug. 17, 2009); *Bah v. Shoe Mania, Inc.*, No. 08-cv-9380, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009). Defendants further request that language be added to the Notice stating that "if plaintiffs' [sic] prevail, they may be required to pay their own attorneys' fees." DE 23 at 3. Again, the Court notes that such language is

11

already contained in the proposed Notice. *See* DE 8-3 at 3 ("If the plaintiffs prevail and there is recovery the Court will decide the amount of fees to be paid to their attorneys. The Court may order that attorneys' fees be paid from the money judgment entered in favor of plaintiffs, or that they be paid separately by the defendants, or some combination of the two."). If Defendants are not happy with the precise language currently used in the proposed Notice, they are free to discuss the issue with Plaintiffs' counsel and propose other language encompassing this idea.

Fifth, Defendants request that the proposed notice state that "receipt of the Notice does not mean that the individual receiving the notice has a valid claim." DE 23 at 3. Defendants do not cite any cases in which a court has required a statement such as this, nor has the Court, upon doing its own research, found any courts that have required such language. Moreover, the Court is satisfied that Sections 1 and 3 of the proposed notice are sufficient to satisfy Defendants' concerns in this regard. *See* DE 8-3 ¶ 1 ("The Judge has not decided who is right and who is wrong yet . . ."); *Id.* ¶ 3 ("if you choose to join this lawsuit, you will be bound by any decision of the Court, judgment of the Court, or settlement, whether favorable or unfavorable").

Finally, Defendants request that their counsel's name, address, and telephone number be included on the notice. I find this request to be reasonable, and such information is routinely included in notices of pendency. *See Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 108; *Sobczak,* 540 F. Supp. 2d at 367.

Counsel for all parties are directed to confer within the next seven (7) days to agree on a Notice of Pendency and Consent to Join Form in compliance with the directives contained herein and to submit the appropriate documents to the Court for review and signature.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for (1) conditional certification as an FLSA collective action pursuant to Section 216(b) of the FLSA; (2) Defendants' production of names and last known addresses of potential class members employed by Defendants from April 2005 through April 2011; and (3) Court authorization to post and circulate a proposed Notice of Pendency and Consent to Join, in compliance with the directives set forth above, is GRANTED.

**SO ORDERED.**

Dated: Central Islip, New York
July 18, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge